IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INNERWORKINGS, INC., | ) |
|        Plaintiff, | ) |
| v. | ) No. 12 C 841 |
| P'ESCO, LLC, et al., | ) |
|        Defendants. | ) |

MEMORANDUM ORDER

InnerWorkings, Inc. ("InnerWorkings") has filed this action against P'esco, LLC ("P'esco") and Mark Pofsky and Robert Strem, each individually and as a representative of P'esco, seeking to invoke federal subject matter jurisdiction on diversity of citizenship grounds. This memorandum order is issued sua sponte because InnerWorkings' counsel has flunked the obligation to establish such federal jurisdiction.

Complaint ¶2 properly identifies InnerWorkings' dual citizenship in accordance with 28 U.S.C. §1332(c)(1), while Complaint ¶¶5 and 6 specify that each of the individual defendants is a California citizen. But this is all that Complaint ¶4 says as to P'esco:

> Defendant, P'ESCO is a foreign corporation that is authorized to do business in Illinois, including Cook County, Illinois.

As that language reflects, Complaint ¶4 speaks only of facts that are jurisdictionally irrelevant when a limited liability company is involved. Those allegations ignore more than a dozen

years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)).  And that teaching has of course been echoed many times over by this Court and its colleagues.

For a good many years this Court was content simply to identify such failures to the lawyers representing plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)).  But there is really no excuse for counsel's present lack of knowledge of such a firmly established principle, after well over a full decade's repetition by our Court of Appeals and others.  Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly, not only InnerWorkings' Complaint but also this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with InnerWorkings and its counsel jointly obligated to pay a fine of $350 to the District Court Clerk if an appropriate and timely Fed. R. Civ. P. 59(e) motion hereafter provides the missing information that leads to a vacatur of this judgment of dismissal.[1]  Because this dismissal is attributable

---

[1] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defect identified here turns out to be curable.

to InnerWorkings' lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 7, 2012