UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INNERWORKINGS, INC., <br><br>         **Plaintiff,** <br><br> v. <br><br> P'ESCO, LLC, MARK POFSKY, individually and as a representative of P'ESCO, LLC, ROBERT STREM, individually and as a representative of P'ESCO, LLC, <br><br>         **Defendant,** | No. 12 C 841 <br><br> The Honorable Milton I. Shadur |

**AMENDED COMPLAINT AT LAW**

Plaintiff, INNERWORKINGS, INC., by and through its attorneys, Michael J. Cucco and Jonathan E. Cavins, for its Amended Complaint at Law against P'ESCO, LLC, MARK POFSKY, individually and as a representative of P'ESCO, and ROBERT STREM, individually and as a representative of P'ESCO, alleges and states as follows:

**FACTUAL BACKGROUND**

1.  This action arises out of breach of express and implied contracts between Plaintiff, INNERWORKINGS, INC. (hereinafter "InnerWorkings") and Defendants, P'ESCO, LLC (hereinafter "P'ESCO"), MARK POFSKY (hereinafter "Pofsky"), and ROBERT STREM (hereinafter "Strem") for the sale of goods and services.

2.  The Plaintiff, InnerWorkings, Inc., is a Delaware corporation with its corporate headquarters and principal place of business located at 600 West Chicago Avenue, Suite 850, Chicago, Illinois 60654.

3. InnerWorkings is a leading provider of print procurement solutions to a wide variety of customers, including Defendant P'ESCO, LLC.

4. Defendant, P'ESCO is a California Limited Liability Company that is authorized to do business in Illinois, including Cook County, Illinois. Defendant, Pofsky and Defendant, Strem are the only members of Defendant, P'ESCO.

5. Defendant, Pofsky is a citizen of California and is the Chief Financial Officer of Defendant, P'ESCO.

6. Defendant, Strem is a citizen of California and is the Manager of Defendant, P'ESCO.

7. On March 13, 2009, InnerWorkings and P'ESCO entered into a formal agreement ("Agreement") in which InnerWorkings agreed to supply print goods and services to P'ESCO, and P'ESCO agreed to pay InnerWorkings for those goods and services. (See Formal Agreement, attached hereto as Exhibit A).

8. Pursuant to the Agreement and as an inducement for InnerWorkings to enter into the Agreement with P'ESCO, Pofsky, acting in his capacity as P'ESCO's Chief Financial Officer, unequivocally, jointly and severally, personally guaranteed to promptly pay any sums due to InnerWorkings or which would become due to InnerWorkings in the future under the Agreement between InnerWorkings and P'ESCO. (See Personal Guarantee Executed by Mark Pofsky, attached hereto as Exhibit B).

9. Pursuant to the Agreement and as an inducement for InnerWorkings to enter into the Agreement with P'ESCO, Strem, acting in his capacity as P'ESCO's Manager, unequivocally, jointly and severally, personally guaranteed to promptly pay any sums due to InnerWorkings or which would become due to InnerWorkings in the future under the Agreement

between InnerWorkings and P'ESCO. (See Personal Guarantee Executed by Robert Strem, attached hereto as Exhibit C).

10. From March 2009 until April 2010, P'ESCO ordered various print goods and services from InnerWorkings.

11. Pursuant to the Agreement, InnerWorkings supplied the print goods and services to Defendant along with invoices reflecting the amount due for said goods and services. (See invoices provided to P'esco, attached hereto as Group Exhibit D)

12. Defendant has an outstanding balance with InnerWorkings of One Hundred and Seventy Thousand, Nine Hundred and Twenty-two 87/100 Dollars (**$170,922.87**). (See Exhibit D).

13. Defendant has ceased payment on its outstanding balance owed to InnerWorkings.

14. Despite numerous attempts to collect this debt, P'ESCO failed to pay for the goods and services itemized in Exhibit D, leaving a balance owed to InnerWorkings in the amount of **$170,922.87.**

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. The matter in controversy is $170,922.87 and, therefore, exceeds the sum of $75,000. The Plaintiff is a Delaware corporation with its corporate headquarters and principal place of business located in Chicago, Illinois. Defendant, P'ESCO is a California Limited Liability Company that is authorized to do business in Illinois, including Cook County, Illinois. For diversity jurisdiction purposes, because P'ESCO is an LLC, the citizenship of P'ESCO is determined by the citizenship of each of its members. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992

(7th Cir. 2007). Defendant, Mark Pofsky and Defendant, Robert Strem are the only members of P'ESCO. Defendant, Strem is a citizen of the State of California, and Defendant, Pofsky is a citizen of the State of California. Therefore, Defendant, P'ESCO, Defendant, Pofsky, and Defendant, Strem are all citizens of the State of California. Thus, there is diversity of citizenship between the Plaintiff and all Defendants.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2). All, or a substantial part, of the acts, practices, omissions and courses of business, which constitute the violations alleged herein have occurred within the Northern District of Illinois.

17. Defendants, P'ESCO, Pofsky and Strem made use of the means and instrumentalities of interstate commerce and of the mails in connection with the acts, omissions, practices and courses of business alleged herein. Furthermore, Defendants, P'ESCO, Pofsky and Strem transacted business within the State of Illinois and purposely availed themselves to the privileges of conducting business within the State of Illinois.

## COUNT I
### Breach of Express Contract
### (Defendant, P'esco, LLC)

18. For its Paragraph 18, InnerWorkings repeats and realleges Paragraphs 1 through 17 of its Complaint, as though fully set forth herein.

19. An express contract between P'ESCO and InnerWorkings was created when P'ESCO informed InnerWorkings that it wished to purchase the items identified in Exhibit B from InnerWorkings in the amounts indicated in Exhibit D.

20. This express contract was formalized in writing on March 13, 2009.

4

21. After the express contract was created and P'ESCO became obligated to pay for the goods and services it received from InnerWorkings, InnerWorkings supplied the purchased goods and services to P'ESCO.

22. InnerWorkings has fully performed all of its obligations under the above referenced express contract with P'ESCO.

23. P'ESCO has failed to pay for the goods and services received in the amount of **$170,922.87**.

24. P'ESCO breached its obligations under the express contract by failing to pay for the goods and services it received from InnerWorkings.

25. As a direct and proximate result of P'ESCO's breach of the express contract, InnerWorkings has suffered and will continue to suffer damages including, but not limited to, actual damages, interest, costs of suit and attorneys fees.

WHEREFORE, the Plaintiff, INNERWORKINGS, INC., respectfully requests that this Court enter judgment in its favor and against Defendant, P'ESCO, LLC, in an amount of One Hundred and Seventy Thousand, Nine Hundred and Twenty-two 87/100 Dollars (**$170,922.87**), plus interest, costs of suit, and attorneys fees pursuant to the Agreement, and any such other and additional relief as this Court deems just and proper.

## COUNT II
**Breach of Implied Contract**
**(Defendant, P'esco, LLC)**

26. For its Paragraph 26, InnerWorkings repeats and realleges Paragraphs 1 through 17 of its Complaint, as though fully set forth herein.

27. Implied contracts between P'ESCO and InnerWorkings were created when P'ESCO offered to purchase the items identified in Exhibit D from InnerWorkings in the amounts indicated in Exhibit D, and InnerWorking accepted those offers.

28. After these implied contracts were created, InnerWorkings supplied the purchased goods and services to P'ESCO. At that time, P'ESCO became obligated to pay for the goods and services it received from InnerWorkings.

29. InnerWorkings has fully performed all of its obligations under the above referenced implied contracts with P'ESCO.

30. P'ESCO has failed to pay for the goods and services received in the amount of **$170,922.87**.

31. P'ESCO breached its obligations under the implied contracts by failing to pay for the goods and services it received from InnerWorkings.

32. As a direct and proximate result of P'ESCO's breach of the implied contracts, InnerWorkings has suffered and will continue to suffer damages including, but not limited to, actual damages, interest, costs of suit and attorneys fees.

WHEREFORE, the Plaintiff, INNERWORKINGS, INC., respectfully requests that this Court enter judgment in its favor and against Defendant, P'ESCO, LLC, in an amount of One Hundred and Seventy Thousand, Nine Hundred and Twenty-two 87/100 Dollars (**$170,922.87**), plus interest, costs of suit, and attorneys fees pursuant to the Agreement, and any such other and additional relief as this Court deems just and proper.

## COUNT III
### Breach of Express Contract
**(Mark Pofsky, individually and as a representative of P'esco, LLC.)**

33. For its Paragraph 33, InnerWorkings repeats and realleges Paragraphs 1 through 32 of its Complaint, as though fully set forth herein.

34. Pursuant to the Agreement and as an inducement for InnerWorkings to enter into the Agreement with P'ESCO, P'ESCO's Chief Financial Office, Mark Pofsky, unequivocally, jointly and severally, personally guaranteed to promptly pay any sums due to InnerWorkings or which would become due to InnerWorkings in the future under the Agreement between InnerWorkings and P'ESCO. (See Exhibit B).

35. After Pofsky became a personal guarantor under the Agreement, and after P'ESCO became obligated to pay for the goods and services it received from InnerWorkings, InnerWorkings supplied the purchased goods and services to P'ESCO.

36. InnerWorkings has fully performed all of its obligations under the above referenced express and implied contracts with P'ESCO.

37. P'ESCO has failed to pay for the goods and services received in the amount of **$170,922.87**.

38. P'ESCO breached its obligations under the express and implied contracts by failing to pay for the goods and services it received from InnerWorkings and is, therefore, in default on the Agreement.

39. Pursuant to the Agreement, and due to P'ESCO's default, Pofsky has become personally and individually liable for any and all outstanding sums due to InnerWorkings.

40. Pofsky has failed to pay for the goods and services received in the amount of **$170,922.87**.

41.     Pofsky breached his obligations under the express contract by failing to pay for the goods and services P'ESCO received from InnerWorkings once P'ESCO was in default.

42.     As a direct and proximate result of Pofsky's breach of the express contract, InnerWorkings has suffered and will continue to suffer damages including, but not limited to, actual damages, interest, costs of suit and attorneys fees.

WHEREFORE, Plaintiff, INNERWORKINGS NETWORKING, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, MARK POFSKY, in an amount of One Hundred and Seventy Thousand, Nine Hundred and Twenty-two 87/100 Dollars (**$170,922.87**), plus interest, costs of suit, and attorneys fees pursuant to the Agreement, and any such other and additional relief as this Court deems just and proper.

## COUNT IV
### Breach of Express Contract
### (Robert Strem, individually and as a representative of P'esco, LLC.)

43.     For its Paragraph 43, InnerWorkings repeats and realleges Paragraphs 1 through 32 of its Complaint, as though fully set forth herein.

44.     Pursuant to the Agreement and as an inducement for InnerWorkings to enter into the Agreement with P'ESCO, P'ESCO's Manager, Robert Strem, unequivocally, jointly and severally, personally guaranteed to promptly pay any sums due to InnerWorkings or which would become due to InnerWorkings in the future under the Agreement between InnerWorkings and P'ESCO.  (See Exhibit C).

45.     After Strem became a personal guarantor under the Agreement, and after P'ESCO became obligated to pay for the goods and services it received from InnerWorkings, InnerWorkings supplied the purchased goods and services to P'ESCO.

46. InnerWorkings has fully performed all of its obligations under the above referenced express and implied contracts with P'ESCO.

47. P'ESCO has failed to pay for the goods and services received in the amount of **$170,922.87**.

48. P'ESCO breached its obligations under the express and implied contracts by failing to pay for the goods and services it received from InnerWorkings and is, therefore, in default on the Agreement.

49. Pursuant to the Agreement, and due to P'ESCO's default, Strem has become personally and individually liable for any and all outstanding sums due to InnerWorkings.

50. Strem has failed to pay for the goods and services received in the amount of **$170,922.87**.

51. Strem breached his obligations under the express contract by failing to pay for the goods and services P'ESCO received from InnerWorkings once P'ESCO was in default.

52. As a direct and proximate result of Strem's breach of the express contract, InnerWorkings has suffered and will continue to suffer damages including, but not limited to, actual damages, interest, costs of suit and attorneys fees.

WHEREFORE, Plaintiff, INNERWORKINGS, INC., respectfully requests that this Court enter judgment in its favor and against Defendant, ROBERT STREM, in an amount of One Hundred and Seventy Thousand, Nine Hundred and Twenty-two 87/100 Dollars (**$170,922.87**), plus interest, costs of suit, attorneys fees pursuant to the Agreement, and any such other and additional relief as this Court deems just and proper.

Respectfully submitted,


By: /s/ Jonathan E. Cavins

Michael J. Cucco
Jonathan E. Cavins

Attorneys for Plaintiff
CASSIDAY SCHADE LLP
20 North Wacker Drive, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax

Date: February 28, 2012


7585516 JCAVINS;JCAVINS

10